```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE EASTERN DISTRICT OF TEXAS,
                             LUFKIN DIVISION

BASS DRILLING, INC.,            §
                                §
        Plaintiff               §
                                §
v.                              §
                                §   Civil Action No. 9:08-CV-228-TH
SE ENERGY, LLC, SAND HILL       §
FOUNDATION, LLC, TOMMY EAVES,   §
and LARRY EAVES,                §
                                §
        Defendants              §
```

**FIRST AMENDED VERIFIED ORIGINAL COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Bass Drilling, Inc., who files this First Amended Verified Original Complaint for Damages. Plaintiff has also filed an Application for Temporary Restraining Order and Preliminary Injunction in a separate document. In support of its First Amended Original Complaint for Damages, Plaintiff respectfully avers as follows:

### I. SUMMARY OF CASE

1. Plaintiff is asserting claims for breach of contract, conversion, tortious interference with prospective relations, and claims under the Texas Theft Liability Act (Tex. Civ. Prac. & Rem. Code §§134.001-134.005), for damages stemming from Defendants' intentional and egregious breach of a saltwater disposal well drilling contract. Plaintiff further seeks injunctive relief, as more fully described in its separately-filed Application for Temporary Restraining Order and Preliminary Injunction, preventing Defendants from using, destroying and/or retaining possession of

certain property owned by Plaintiff and used during drilling services performed under the contract.

2. Defendants SE Energy, LLC ("SE Energy") and Sand Hill Foundation, LLC ("Sand Hill") breached their contract with Plaintiff by terminating Plaintiff from the project before it was completed and by refusing to pay any amounts owed to Plaintiff for the performance of its services. Furthermore, after Plaintiff was terminated, SE Energy, Sand Hill, and Defendants Tommy Eaves and Larry Eaves forced Plaintiff off of Defendants' property where the project was located and prevented Plaintiff from recovering its rig and equipment used for drilling operations, threatening serious bodily injury and even death to Plaintiff's employees if they attempted to recover the rig and equipment. Defendants have removed much of the equipment from Defendants' property with the express intent of retaining possession of it indefinitely.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court based on 28 U.S.C. §1332. There is complete diversity among the parties and the matter in controversy exceeds $75,000.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because Defendants reside in Tenaha, Shelby County, Texas, and because a substantial part of the events giving rise to this claim occurred in Tenaha, Shelby County, Texas, which is within this judicial district.

Case 9:09-cv-00187-TH Document 14    Filed 01/15/2009    Page 3 of 12

## III. **PARTIES**

5.  Plaintiff, Bass Drilling, Inc., is a Louisiana corporation with its principal place of business in DeQuincy, Louisiana.

6.  Defendant, SE Energy, LLC, is a Texas limited liability company with its principal place of business in Tenaha, Shelby County, Texas.  Service upon this entity has been waived by its registered agent, Stephen Eaves, and this waiver of service has been filed with the Court.

7.  Defendant, Sand Hill Foundation, LLC, is a Texas limited liability company with its principal place of business in Center, Shelby County, Texas.  It may be served through its registered agent, Christy McDonald, at 217 County Road (CR) 1005, Center, Shelby County, Texas 75935.

8.  Defendant, Tommy Eaves, is an individual residing in the State of Texas.  Service upon this individual has been waived, and this waiver of service has been filed with the Court.

9.  Defendant, Larry Eaves, is an individual residing in the State of Texas.  Service upon this individual has been waived, and this waiver of service has been filed with the Court.

## IV. **FACTS**

10. Plaintiff is a Louisiana corporation engaged in the business of oilfield drilling services.  On or about August 25, 2008, Plaintiff was hired by Defendants to drill a saltwater disposal well on Defendants' property located in the Tenaha, South (Cotton Valley) field, in Shelby County, Texas.

11. Plaintiff and Defendants entered into a "Turnkey Contract" setting forth the terms and conditions of their agreement for the well project. Pursuant to the contract, the well was to be drilled at a depth of 5,500 feet, and in exchange for drilling services, Defendants agreed to pay Plaintiff $281,000.00 for all work performed on a turnkey basis, and $13,500.00 per day for all work performed on a daywork basis.

12. On or about September 15, 2008, while drilling operations were being conducted, a blowout occurred at the well that required it to be plugged and abandoned. The blowout occurred due to the negligence of Defendants in instructing Plaintiff to use an improper mud weight and in failing to provide Plaintiff with accurate geological information concerning the area where the well was located. As a result of the blowout, Plaintiff lost several joints of drill pipe that could not be removed from the well.

13. After the blowout, Plaintiff's employees began to take down the rig to remove it from the job site. SE Energy's and Sand Hill's owners/managers, Tommy Eaves and Larry Eaves, arrived on location and told Plaintiff's owner, Freddy Nixon, that they would not allow Plaintiff to remove the rig from Defendants' property until a well was drilled and completed. They further declared they would block the roadways leading from the property and have the sheriff's department prevent Nixon from removing his equipment until the job was completed. Plaintiff and Defendants subsequently orally agreed to amend the contract in that Plaintiff would drill

another well on a daywork basis at a rate of $15,500.00 per day, due to the risk associated with the project. Defendants accepted, stating that money was no object and that Defendants would take care of all expenses until the well was drilled.

14. Over the next several weeks, Plaintiff continued to experience problems with drilling conditions. The second well would habitually "kick" and require drilling to be halted until well pressures were brought under control. Plaintiff made several recommendations and requests to Defendants to run casing down the well to protect its formation and stabilize well pressure. Defendants refused and ordered Plaintiff to continue with drilling operations. During this time, Larry Eaves and Tommy Eaves made several threats to cause physical harm to Nixon and his crew if the well was not completed quickly, and at one point Tommy Eaves physically assaulted one of Plaintiff's crew members.

15. By December 8, 2008, Plaintiff had drilled only to a depth of approximately 3,300 feet due to pressure problems with the well. On or about that date, Defendants terminated Plaintiff from the project and ordered Nixon and his crew members off of the property immediately, before they had time to rig down and remove their equipment. The following day, Nixon called to notify Larry Eaves that he planned on removing his rig and equipment from the property that day. In response, Eaves refused to allow Defendant to obtain its equipment, and told Nixon he better bring the National Guard if he wanted his equipment back and that if Nixon

was observed on the property, he would be arrested or physically harmed. He then told Nixon he had no intention of paying any amount for Plaintiff's drilling services, that he was not going to allow Plaintiff to recover its rig and equipment, and that he would destroy the rig and equipment once Defendants had it removed from the property. Later, Defendants' employees removed some of the equipment from the well location and transferred it to one of the Defendants' yards in Carthage, Texas.

## V. CAUSES OF ACTION

### First Cause of Action: Breach of Contract

16. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

17. SE Energy and Sand Hill breached their Turnkey Contract and subsequent oral agreement with Plaintiff by, *inter alia*, (1) terminating Plaintiff from the well project before its completion; (2) refusing to pay Plaintiff for the drilling services performed for Defendants as agreed upon by the parties; (3) failing to provide Plaintiff with equipment and information necessary to performing the drilling project safely and properly; (4) refusing to surrender Plaintiff's property once it was terminated from the project; and (5) failing to reimburse Plaintiff for its equipment lost or destroyed during drilling operations.

18. Defendants' repudiation of their contractual obligations and breach of contract has been and will continue to be the proximate cause of actual damages to Plaintiff including, but not

6

limited to, expectancy damages, restitution damages, all payments owed to Plaintiff by Defendants under the terms of their agreement, repair and/or replacement costs for Plaintiff's property unlawfully detained by Defendants, and damages related to Plaintiff's loss of use of its rig and equipment. All conditions precedent to Plaintiff's right to recover have occurred or have been performed.

19. Pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code and all other applicable laws, Defendants are further entitled to recover attorneys' fees, expenses and costs incurred or to be incurred in the prosecution of this breach of contract claim, through any appeals to final adjudication.

### Second Cause of Action: Conversion

20. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

21. All Defendants are guilty of conversion of Plaintiff's property due to the following non-exclusive particulars: (1) Plaintiff is the rightful owner and possessor of the rig and equipment used for drilling operations performed under the parties' drilling agreement; (2) said rig and equipment constitute Plaintiff's personal property; (3) Defendants have and continue to exercise wrongful and unlawful control and dominion over said rig and equipment that is both wanton and malicious in nature; and (4) Plaintiff has demanded return of said rig and equipment, but Defendants have refused its return.

22. As a result of Defendants' actions, Plaintiff has and continues to suffer damages, including but not limited to, damages for loss of use of its property, costs for the repair and/or replacement of its property, and lost profits.

23. Plaintiff also seeks recovery of exemplary damages for the wanton and malicious nature of Defendants' unlawful detention of its property.

### Third Cause of Action: Theft Liability Act

24. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

25. In addition to exercising unlawful dominion and control over Plaintiff's personal property in a wanton and malicious fashion, all Defendants appropriated Plaintiff's property by taking it without Plaintiff's effective consent, and with the intent of depriving Plaintiff of its possession and use indefinitely. Such action renders Defendants liable to Plaintiff under the Texas Theft Liability Act (Tex. Civ. Prac. & Rem. Code §§134.001-134.005) for all damages recoverable thereunder, including but not limited to actual damages plus $1,000.00, exemplary damages, pre-judgment and post-judgment interest, court costs and attorneys' fees.

### Fourth Cause of Action: Tortious Interference With Prospective Relations

26. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

27. Plaintiff would show that there was and remains a reasonable probability that it would have entered into one or more business relationships with a third party or parties. However, Defendants have intentionally interfered with those relationships through their actions as delineated above. Further, Plaintiff would show that the conduct of Defendants was independently tortious or unlawful in nature, and that these actions proximately caused the injuries and damages for which the Plaintiff now sues.

28. As a result of Defendants' actions, Plaintiff has and continues to suffer damages including, but not limited to, damages for damages for lost benefits of prospective contracts (or, the amount that Plaintiff would have earned if it had possession of its property that the Defendants have wrongfully taken), lost profits, and exemplary damages.

## VI. CONDITIONS PRECEDENT

29. All conditions precedent have been performed or have occurred.

## VII. ATTORNEYS' FEES AND COSTS

30. Plaintiff is entitled to an award of attorneys' fees and costs under all applicable laws, including but not limited to Section 38.001 of the Texas Civil Practices & Remedies Code.

## VIII. DAMAGES

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages. Plaintiff seeks recovery of its

actual damages and exemplary damages as delineated above, together with pre-judgment and post-judgment interest at the highest legal rate.

## IX. JURY DEMAND

32. Plaintiff requests and is entitled to a trial by jury on all issues.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays (1) that the Court issue a temporary restraining order and subsequent preliminary injunction, as requested in Plaintiff's separately-filed Application for Temporary Restraining Order and Preliminary Injunction, requiring SE Energy, Sand Hill, Tommy Eaves, and Larry Eaves to immediately return to Plaintiff its rig, equipment and all other personal property of Plaintiff which remains in SE Energy's, Sand Hill's, Tommy Eaves's, and/or Larry Eaves's possession; and (2) that Sand Hill be cited to appear and answer herein and, upon final trial hereof, that judgment be entered in favor of Plaintiff for actual damages, additional damages, exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, at law or in equity, general or specific, to which Plaintiff may show itself justly entitled.

                                            Respectfully submitted,

                                            PREIS & ROY

                                            /s/_____
                                            David L. Pybus
                                            Texas State Bar. No. 16418900
                                            Preis & Roy, PLC
                                            24 Greenway Plaza, Suite 2050
                                            Houston, Texas 77046
                                            Phone: (713) 355-6062
                                            Fax: (713) 572-9129

                                            ATTORNEY IN CHARGE FOR PLAINTIFF,
                                            BASS DRILLING, INC.

OF COUNSEL:

Preis & Roy, PLC
Hilary A. Frisbie
Texas State Bar No. 24045899
William W. Fitzgerald
Texas State Bar No. 24038898
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Phone: (713) 355-6062
Fax: (713) 572-9129
Fax: (713) 572-9129

## **CERTIFICATE OF SERVICE**

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 15th day of January 2009, a true and correct copy of the above and foregoing document was served on all known counsel of record electronically or by First Class Mail:

Steven E. Eaves
200 Waller St.
Tenaha, Shelby County, Texas 75974

Mr. Tommy Eaves
200 Waller St.
Tenaha, Shelby County, Texas 75974

Larry Eaves
200 Waller St.
Tenaha, Shelby County, Texas 75974

/s/
David L. Pybus

**VERIFICATION**

STATE OF LOUISIANA § 
§
PARISH OF LAFAYETTE §

BEFORE ME, the undersigned authority, on this day personally came and appeared Freddy Nixon, a person of the full age of majority and of sound mind and competence, who personally stated that he is the owner and president of Bass Drilling, Inc., and that the facts stated in the foregoing First Amended Original Complaint for Damages, and for Temporary and Preliminary Injunction are within his personal knowledge and are true and correct.

_____
Freddy Nixon

SUBSCRIBED AND SWORN TO before me on this 15th day of January, 2009, to certify which, witness my hand and seal of office.

_____
Notary Public in and for the
State of Louisiana
Notary No. 6871
My commission expires: at death

Cheri C. Hollie