IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BASS DRILLING, INC. | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | Civil Action No. |
| | § | 9:09-cv-00187-TH |
| SAND HILL FOUNDATION, LLC; | § | JURY |
| TOMMY EAVES; LARRY EAVES; | § | |
| STEVEN EAVES; and BTJ | § | |
| ENTERPRISES, LLC | § | |
| *Defendants* | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TURNOVER ORDER

Plaintiff Bass Drilling, Inc. files this Reply in support of its Motion for Turnover Order

Regarding Sand Hill.   The Motion presents the following issue:

> Larry and Delicia Eaves are the only owners of Sand Hill, a construction and trucking
> business.   Their membership interest is their primary asset, and is community
> property.  They do not claim it is exempt.  Bass Drilling has a judgment against Larry
> Eaves for tort damages, which he has not superseded.   Can the Court order Larry
> Eaves to turn over that membership interest, to be sold to satisfy Bass Drilling's
> judgment against him?

### Summary of Response

1.     Larry Eaves resists Bass Drilling's request that he turn over his interest in Sand Hill

by claiming the Court's power is limited to entering a charging order, by which Bass Drilling would

have the right only to distributions, if and when any were ever made.  Presumably, he and Delicia

could still take salary from Sand Hill.  Effectively, he is claiming his interest in Sand Hill—his

primary asset—is beyond this Court's power.

2.     But he cites no authority for his claim that his interest in Sand Hill is exempt from

the turnover statute.  And he simply ignores the decisions to the contrary.  In fact, the Texas turnover

statute is the correct method for attaching an owner's interest in an entity, because such interests

cannot readily be attached or levied on by ordinary process.  Numerous court have used the turnover statute to order a judgment debtor to turn over interests in entities, including limited liability companies.

3.      The charging order contemplated by the Limited Liability Company Act applies to collection of judgments "out of" the member's interest, by taking that member's share of the assets of the limited liability company.  The Act generally prevents seizure of the assets directly, because of the interest other members have in them.  But the Act does not prevent an execution sale of the interest itself, because that is not a collection "out of" the interest.  Once the Marshal sells the interest, the buyer remains subject to the rules and regulations of the limited liability company.

4.      Moreover, even the rules about charging orders do not prevent seizure of the assets of the limited liability company where, as here, the judgment debtor is the only member.  Because their interest in Sand Hill is community property, Delicia's share is also subject to the judgment against Larry.  And because they are the sole members in Sand Hill, there are no other members whose interests must be protected, so the rules about charging orders do not apply.


### Argument and Authorities

**A.    Membership interests in limited liability companies are subject to the Texas turnover statute.**

5.      Without authority, Larry Eaves claims his membership interest in Sand Hill cannot be reached by an execution sale.  But courts have permitted turnover of membership interests in

limited liability companies.[1]  No court has held that the charging order provisions of the Limited

Liability Company Act prevent a turnover of interests in an LLC, presumably because a turnover

does not satisfy a judgment "out of" the judgment debtor's interest.  There is no language in the Act

precluding a judgment creditor from utilizing remedies completely apart from the charging order

provisions.  Specifically, the Act states that "[t]he entry of a charging order is the exclusive remedy

by which a judgment creditor of a member or of any other owner of a membership interest may

satisfy a judgment out of the judgment debtor's membership interest."[2]  Bass Drilling is not currently

seeking to pierce the Eaves's membership interests to "pull out" assets it can sell to satisfy its

judgment against Larry Eaves.  Rather, Bass Drilling is seeking to have the Eaves's membership

interest turned over to the U.S. Marshal so that the membership interest itself can be sold.  The

membership interest constitutes property "that cannot readily be attached or levied on by ordinary

legal process,"[3]  Under the turnover statute,[4] "[T]he Court may order the judgment debtor to turn

over nonexempt property that is in the debtor's possession or is subject to the debtor's control,

together with all documents or records related to the property, to a designated sheriff or constable

---

[1]  In *World Fuel Services Corp. v. Moorehead*, 229 F.Supp.2d 584 (N.D.Tex.2002), the court granted the plaintiff's request for a turnover order and receivership with regard to intangible property of the judgment debtor that included limited partnership and LLC interests.  The court viewed a charging order with respect to the limited partnership and LLC interests as unnecessary, because the receivership included the interests.  The receiver was given the authority to take possession and control of, and to sell, the judgment debtor's non-exempt assets.  In *Ross v. National Center for Employment of the Disabled*, 170 S.W.3d 365 (Tex.App.—El Paso 2005), reversed on other grounds, 201 S.W.3d 694 (Tex.2006) (per curiam), the court of appeals permitted a turnover of assets belonging to an LLC, in connection with a judgment against the LLC's sole owner.  The issuance of the turnover order was ultimately reversed because the underlying default judgment was set aside.

[2]  TEX. REV. CIV. STAT. ANN. art. 4.06(C) (emphasis added).

[3]  TEX. CIV. PRAC. & REM. CODE §31.002(a)(1).

[4]  This is of import because, as conceded by Sand Hill and Larry Eaves, "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located."  FED. R. CIV. P. 69(a).

for execution."[5]

6       Courts have also ordered turnover of a spouse's interest in an LLC, to pay a judgment against the other spouse.[6] In *Eastern Poultry Distributors*, the judgment creditor obtained a turnover order where (1) each of the businesses and properties were owned either by [the judgment debtor] or his wife, (2) that [the judgment debtor] had an interest in each of the businesses and properties, (3) that [the judgment debtor] received income from the businesses, and (4) that each of the businesses and properties were not exempt from attachment, execution, or seizure for the satisfaction of liability.[7]   Based on the above, the Court ordered that the judgment debtor turn over his membership interests in the various limited liability companies to his judgment creditor.[8]

7.      Here, Sand Hill is owned by Larry Eaves and his wife, Delicia Eaves, and Sand Hill is not exempt from attachment, execution, or seizure for the satisfaction of liability.

8.      Moreover, charging orders are not required at all where the judgment debtor is the sole owner of the membership interest.[9] In *Albright*, the court rejected the same argument made by Larry Eaves, when a Chapter 7 trustee moved for authority to liquidate property owned by an individual debtor's LLC. The debtor argued the Trustee acts merely for her creditors and is only

---

[5] TEX. CIV. PRAC. & REM. CODE §31.002(b)(1).  This statute also allows the Court to "appoint a receiver with the authority to take possess of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment."  TEX. CIV. PRAC. & REM. CODE §31.002(b)(3).  This is the subject of Bass Drilling's Motion for Appointment of Receiver, filed contemporaneously with its Motion for Turnover.

[6] *Eastern Poultry Distributors, Inc. v. Puez*, 2008 WL 2852404, at *1 (N.D. Tex. 2008).

[7] *Id.*, at *4.

[8] *Id.*, at *1.

[9] *In re Albright*, 291 B.R. 538, 539 (Bkrtcy. D. Colo. 2003).

entitled to a charging order against distributions made on account of her LLC member interest.[10] The court determined that the charging order exists to protect other members of an LLC from having involuntarily to share governance responsibilities with someone they did not choose, or from having to accept a creditor of another member as a co-manager.[11]  In finding for the judgment creditor, the court ruled that:

> "A charging order protects the autonomy of the original members, and their ability to manage their own enterprise.  In a single-member entity, there are no non-debtor members to protect.  <u>The charging order limitation serves no purpose in a single member limited liability company, because there are no other parties' interests affected.</u>"[12]

9.     In a similar matter, the FTC obtained a judgment against two individuals (not spouses) and sought to liquidate the assets of several non-party LLCs, each of which was wholly owned by one of the two individual judgment debtors.[13]  The judgment debtors objected to the liquidation of the assets as contrary to their state's LLC statute, and argued that the court was at most authorized to enter a charging order against their interests in the LLCs.[14]  The court disagreed, and pointed out that the sole member of each of the LLCs in issue was one of the two individual judgment debtors.[15]  The court concluded that "under these circumstances, the purposes of the statute are not defeated by the proposed liquidation of the assets of these companies."[16]

---

[10]  *Id.*, at 541.

[11]  *Id.*

[12]  *Id.* (emphasis added).

[13]  *Federal Trade Commission v. Peoples Credit First, LLC*, 2006 WL 1169677 (M.D. Fla. 2006).

[14]  *Id.*

[15]  *Id.*

[16]  *Id.*

10.     Here, Larry and Delicia Eaves's membership interests are their community property. There are no other members for which the Act was designed to protect.  As such, the charging order would be unnecessary in any event.

**B .   Delicia Eaves's interest in Sand Hill is subject to the judgment against Larry Eaves.**

11.     The jury in this cause found Larry Eaves jointly and severally liable for the malicious conversion of Bass Drilling's rig and associated equipment.[17]  Under Texas law, "[a]ll community property is subject to tortious liability of either spouse incurred during marriage."[18]  According to Larry Eaves, both he and Delicia own Sand Hill.[19]  Their interest in Sand Hill is community property, and is therefore subject to Larry Eaves's liability which he incurred during his marriage with Delicia Eaves.

12.     Inexplicably, Larry Eaves claims Delicia Eaves owns fifty-one percent (51%) of Sand Hill, and he owns the rest.  This appears untrue.[20]  More important, it is irrelevant, since Delicia Eaves' share is community property.

## Conclusion and Prayer

13.     The Texas Family Code specifically mandates that all community property, such as the Eaves's membership interests in Sand Hill, is subject to tortious liability of either spouse incurred

---

[17] D.E. 88, at Pages 16, 25–26.

[18] TEX. FAM. CODE §3.202(d).

[19] D.E. 145-1, at Page 4, 23:5–13.

[20] He cites to the deposition testimony of Larry and Delicia Eaves in alleged support of this statement. However, there is no deposition testimony to support this contention.  On the contrary, Sand Hill's tax records show that Larry and Delicia Eaves each own a 50% interest in Sand Hill D.E. 144-5, at Page 9, Schedule K-1, Sections (F) and (J); D.E. 146-1, at Page 11, Schedule K-1, Sections (F) and (J).

during marriage.  Further, case law allows a court to order a judgment debtor to turn over his membership interest in a limited liability company to a judgment creditor for the purpose of satisfying a judgment.  The Texas Limited Liability Company Act does not prevent the turnover and sale of membership interests.  Moreover, it was not drafted to protect the membership interest of sole-owner LLCs, nor those in which the only members are spouses of each other.  Accordingly, the Act's charging order provisions do not apply in this case.

14.     Accordingly, Plaintiff Bass Drilling, Inc. respectfully requests that its Motion be granted in its entirety, and for any and all such other and further relief, at law or in equity, general or specific, either listed above or to which it may show itself to be justly entitled.

Respectfully submitted,

PREIS & ROY

/s/
David L. Pybus
Texas State Bar. No. 16418900
Preis & Roy, PLC
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Phone: (713) 355-6062
Fax:    (713) 572-9129

ATTORNEY IN CHARGE FOR PLAINTIFF
BASS DRILLING, INC.

OF COUNSEL:

Preis & Roy, PLC
Hilary A. Frisbie
Texas State Bar No. 24045899
William W. Fitzgerald
Texas State Bar No. 24038898
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Phone: (713) 355-6062
Fax:    (713) 572-9129

Law Office of Clayton E. Dark, Jr.
Clayton E. Dark, Jr.
Texas State Bar No. 05384500
207 East Frank Avenue, Suite 100
Lufkin, Texas 75901
Phone: (936) 637-1733
Fax:    (936) 637-2897

## CERTIFICATE OF SERVICE

In compliance with Rule 5 of the FEDERAL RULES OF CIVIL PROCEDURE, as well as LOCAL RULES CV-5 and CV-7, I certify that on this the 24th day of May, 2010, a true and correct copy of the above and foregoing document was served on all known counsel of record electronically or by First Class Mail:

Mr. Clay M. White
Texas State Bar. No. 21292220
Mr. Jeffery J. Shaver
Texas State Bar Number: 18135850
The White Shaver Law Firm, P.C.
205 West Locust Street
Tyler, Texas 75702
Phone: (903) 533-9447
Fax:     (903) 595-3766

ATTORNEY IN CHARGE FOR DEFENDANTS
SAND HILL FOUNDATION, LLC, Larry Eaves
EAVES, and BTJ ENTERPRISES, LLC

/s/
David L. Pybus