

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BASS DRILLING, Inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:09-CV-187-TH |
| | § | |
| LARRY EAVES, et al., | § | |
| | § | |
| *Defendants.* | § | |

# **ORDER**

Before the Court is *Plaintiff's Motion for Turnover Order regarding R & S Trucking* [Clerk's Docket No. 171], filed on July 22, 2010. The Court shall **DENY** the motion.

Introduction

Plaintiff Bass Drilling, LLC ("Plaintiff" or "Bass Drilling") sued Defendant Sand Hill Foundation, LLC ("Sand Hill") for breach of a contract to drill a salt water disposal well. Plaintiff also sued Defendants Sand Hill, Tommy Eaves, Larry Eaves and Steven Eaves for their conversion of its drilling rig and equipment. The jury returned a verdict for Bass Drilling. The clerk entered judgment on February 12, 2010. Plaintiff still seeks satisfaction of its judgment against Tommy Eaves and to that end has moved the Court to order the turnover of a vacuum truck business. Pl. Mot. Turnover Order 2 (Doc. No. 171). Defendant has argued that Plaintiff is entitled only to a charging order giving it a lien on Tommy Eaves' membership interest in the company.

Background

The final judgment against Defendant Tommy Eaves ordered him to pay just over $2,000,000.00, plus post-judgment interest. This total includes awarded attorney's fees and costs. Tommy Eaves has not perfected an appeal from the judgment. Tommy Eaves and his wife Rebecca Eaves operate a vacuum truck business, R & S Trucking, L.L.C. (R&S Trucking). In response to post-judgment interrogatory, Tommy Eaves declared that Rebecca Eaves is the owner of R&S Trucking. Pl. Mot. Turnover Order, Ex. A 1 (Doc. No. 171). R&S Trucking is a registered limited liability company incorporated under the laws of Texas. Public records of the Secretary of State show Rebecca Eaves and Tommy Eaves are both listed as directors and managing members of R&S Trucking while Tommy Eaves is listed as its agent. Plaintiff argues that regardless of who owns the company, Rebecca Eaves or Tommy Eaves or both, it is community property and therefore subject to the judgment against Tommy Eaves. Pl. Mot. Turnover Order 2 (Doc. No. 171). Defendant has responded that Plaintiff's motion for a turnover order is precluded by the exclusive remedy for judgment creditors of limited liability company members found in the Texas Business Organizations Code, which allows a judgment creditor to obtain a lien on the judgment debtor's membership interest and not to acquire the interest itself.

Analysis

Section 101.112 of the Texas Business Organizations Code states that a court may, upon application by a judgment creditor of a member of a limited liability company or of any other owner of a membership interest in the same, charge the membership interest of the judgment debtor to

satisfy the judgment. Tex. Bus. Org. Code § 101.112(a). If the court does so, the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest. Tex. Bus. Org. Code §101.112(b). The statute further provides that this lien upon the judgment debtor's membership interest is the exclusive remedy by which a judgment creditor of a member or any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest. Tex. Bus. Org. Code § 101.112(d). R&S Trucking is a limited liability company. The judgment against Defendant Tommy Eaves was entered after Section 101.112's enactment in 2007. Therefore, the correct way for Plaintiff to satisfy its judgment against Defendant out of Defendant's ownership and membership in R&S Trucking is through a charging order, as contemplated under the statute. Therefore, the Court shall issue such an order against Defendant Tommy Eaves' membership interest in R & S Trucking.

Plaintiff argues that the ownership interest of Tommy Eaves and Rebecca Eaves, which amounts to one hundred percent of R&S Trucking, is community property. Under Texas law, community property is subject to the tort liability of either spouse. Tex. Fam. Code. Ann. § 3.202. Community property is defined in the Texas Family Code as property possessed by either spouse during the marriage or upon dissolution of the marriage. Tex. Fam. Code. § 3.003. The Eaves have been married for over thirty years, R&S Trucking was created in 2006. Pl. Mot. Turnover Order, Ex. A (Doc. No. 171). No other members or directors are listed in the certificate of formation on file with the Texas Secretary of State. Wherefore, the Court finds that Rebecca Eaves' membership interest in R&S Trucking is community property and is subject to the tort liability of her husband, Tommy Eaves. The Court shall issue a charging order against her membership interest in R&S

3

Trucking.

## Conclusion

Wherefore, it is **ORDERED** that *Plaintiff's Motion for Turnover Order regarding R & S Trucking* [Clerk's Docket No. 171], filed on July 22, 2010, is **DENIED**.

It is further **ORDERED** that Plaintiff shall submit a proposed charging order to this Court on or before Friday, August 20, 2010.

**SO ORDERED.**

**SIGNED** this the **13** day of **August, 2010.**

_____
Thad Heartfield
United States District Judge